The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document was signed electronically on March 27, 2020, which may be different from its entry on the record.

**IT IS SO ORDERED.**

**Dated: March 27, 2020**



ARTHUR I. HARRIS
UNITED STATES BANKRUPTCY JUDGE

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| In re: | ) | Case No. 19-40708 |
| | ) | |
| JOHN D. TEMNIKAR, | ) | Chapter 7 |
| | ) | |
| Debtor. | ) | Judge Arthur I. Harris |

MEMORANDUM OF OPINION[1]

In this Chapter 7 case, the trustee seeks to sell the debtor's half-interest in real property that the debtor owns with his ex-wife. At issue is whether the debtor is entitled to a homestead exemption in the property under Ohio Revised Code Section 2329.66(A)(1). Because the trustee has failed to meet his burden of demonstrating that the debtor is not entitled to a homestead exemption, the Court overrules the trustee's objection to the debtor's claim of exemption and denies the trustee's motion to sell.

---

[1] This Opinion is not intended for official publication.

## JURISDICTION

An objection to a debtor's claim of exemption is a core proceeding under 28 U.S.C. § 157(b)(2)(B). This Court has jurisdiction over core proceedings pursuant to 28 U.S.C. §§ 157(a) and 1334 and Local General Order 2012-7 of the United States District Court for the Northern District of Ohio.

## PROCEDURAL HISTORY

On April 18, 2019, the debtor, John D. Temnikar, filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code (Docket No. 1). Although the debtor listed his ownership interest in real property located at 1703 State Route 45, Austinburg, Ohio 44010 on Schedule A/B, the debtor did not initially list the property as exempt on Schedule C (Docket No. 1). Richard G. Zellers ("the trustee") was appointed as trustee. On August 9, 2019, the debtor received a discharge (Docket No. 10).

On August 26, 2019, the trustee filed a motion to sell the debtor's half-interest in real property located at 1703 State Route 45, Austinburg, Ohio 44010, which the debtor owns with his ex-wife, Ms. Michelle Temnikar (Docket No. 17). The trustee proposed to sell the debtor's half-interest for the benefit of creditors to Ms. Temnikar for $15,000 (Docket No. 17). On September 3, 2019, the debtor filed a response opposing the motion to sell and asserting that his interest in the property is subject to a homestead exemption

(Docket No. 21). On October 23, 2019, the Court heard argument on the trustee's motion and the debtor's response. During the hearing, the Court advised the parties that in the interests of justice it would construe the trustee's motion as an objection to any amended claim of exemption that the debtor might file under Bankruptcy Rule 1009(a). On October 24, 2019, the debtor filed an amended Schedule C claiming a homestead exemption in the real property located at 1703 State Route 45 (Docket No. 27).

The Court held an evidentiary hearing on January 15, 2020. The Court heard testimony from the debtor and Ms. Temnikar. The Court received without objection the trustee's exhibits 1 and 2 and the debtor's exhibits A, B, and C.

At the conclusion of closing arguments, the Court encouraged the parties to reach a consensual resolution, noting that, if the Court must decide the matter, it would likely be an all-or-nothing result. Either the trustee's objection would be sustained, leaving the debtor with nothing. Or the trustee's objection would be overruled, leaving the trustee and unsecured creditors with nothing. The Court gave the parties 30 days to reach a consensual resolution, after which the matter was taken under advisement.

This memorandum constitutes the Court's findings of fact and conclusions of law as required by Rule 7052 of the Federal Rules of Bankruptcy Procedure.

FINDINGS OF FACT

The findings of fact contained in this memorandum of opinion reflect the Court's weighing of the evidence, including the credibility of each witness. In doing so, "the court considered the witnesses' demeanor, the substance of the testimony, and the context in which the statements were made, recognizing that a transcript does not convey tone, attitude, body language or nuance of expression." *In re Parrish*, 326 B.R. 708, 711 (Bankr. N.D. Ohio 2005). Even if not specifically mentioned in this decision, the Court considered the testimony of the witnesses, exhibits admitted into evidence, and any stipulations. Unless indicated otherwise, the following facts were established at the evidentiary hearing by a preponderance of the evidence.

The debtor and Ms. Temnikar were married on July 12, 2013. The debtor and Ms. Temnikar together own real property located at 1703 State Route 45, Austinburg, Ohio 44010 ("marital residence").

The debtor and Ms. Temnikar began living separately around March of 2018. Ms. Temnikar continues to live at the marital residence, while the debtor moved out of the home. The debtor made arrangements to stay above the bar located at 1745 State Route 45, which is across the street from the marital residence and is owned by a friend of the debtor. The debtor did not enter into a written lease, but pays around $425 per month in rent. Sometimes the debtor

performs cleaning and maintenance services at the bar instead of paying rent. After the debtor moved out of the marital residence, Ms. Temnikar changed the locks on the doors to the home. However, the debtor continues to return to the marital residence, usually with Ms. Temnikar's consent or at least without any objection.

On May 29, 2018, Ms. Temnikar filed a complaint for divorce. Judgment Entry Final Decree of Divorce at 1. The common pleas court issued a restraining order, but the parties do not agree as to the nature of the restraining order. The trustee asserts that this restraining order restricted the debtor from returning to the marital residence. However, the debtor interpreted this restraining order as a routine order issued with each divorce proceeding and not a protection order restricting his contact with Ms. Temnikar. Regardless of its intent, the restraining order does not appear to have prevented the debtor from returning to the home. The Court is uncertain as to the actual terms of the restraining order because neither party chose to introduce a copy at the evidentiary hearing.

On March 20, 2019, the common pleas court held a final hearing in the debtor's and Ms. Temnikar's divorce proceeding. Judgment Entry Final Decree of Divorce at 1. The common pleas court issued a Judgment Entry Final Decree of Divorce that incorporated the separation agreement and was signed by both the debtor and Ms. Temnikar. Judgment Entry Final Decree of Divorce at 2, 3.

Pursuant to that separation agreement, the debtor and Ms. Temnikar were to immediately list the home for sale, pay off loans on the home, and divide the proceeds:

> The parties own marital real estate located at 1703 State Route 45, Austinburg[,] Ohio 44010, PPN: 07-028-00-006-00. The parties shall immediately list the house for sale. Upon sale, they shall pay the home equity line at Conneaut Savings Bank and equally divide the net proceeds from the sale of the home.

Separation Agreement at 2. The debtor and Ms. Temnikar have never listed the property for sale as required by the separation agreement. The file stamp on the Judgment Entry Final Decree of Divorce indicates that the document was filed on April 26, 2019.

On April 18, 2019, the debtor filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code. On August 26, 2019, the trustee filed a motion to sell the debtor's interest in the marital residence to Ms. Temnikar for $15,000 (Docket No. 17). The trustee maintains that the debtor gave up any right to a homestead exemption in the marital residence because the debtor did not live at the property on the date he filed for relief and because the debtor signed the divorce decree that required sale of the marital residence.

The Court held an evidentiary hearing on January 15, 2020. The Court heard testimony from the debtor and Ms. Temnikar regarding whether the marital residence remains the debtor's residence for the purposes of exemption.

6

At the hearing, both the debtor and Ms. Temnikar testified that they have maintained some sort of relationship since their divorce. The debtor is at the marital residence throughout the week and continues to mow the lawn. The debtor still sleeps at the marital residence, either on the bed or on the couch, sometimes multiple nights per week when he is not working. Although the debtor and Ms. Temnikar disagree as to the frequency of the debtor being at the property and sleeping overnight, neither asserts that the debtor is never present at the property.

The debtor continues to list the marital residence as his address. The debtor's driver's license, which he renewed on October 20, 2018, a date *after* the debtor began staying at the corner bar and *before* he filed for bankruptcy, lists his address as the marital residence. In response to the prompt "Where you live" on the bankruptcy petition, the debtor listed the marital residence. In addition, the debtor's voter registration still lists the marital residence as his address. The debtor also continues to receive and pay bills associated with the marital residence. The water and sewer bill remains addressed to both the debtor and Ms. Temnikar. The debtor makes weekly payments to repay the remaining balance of over $12,000 in 401K loans that were taken out for household expenses related to the marital residence. Although Ms. Temnikar pays the mortgage payments and utility payments, the debtor agreed to pay the second half of the 2019 real estate taxes on

the home, although he had not yet paid those taxes as of the date of the evidentiary hearing.

The debtor moved some of his personal belongings out of the marital residence and has an alternative living situation, but some of the debtor's property remains at the marital residence. The debtor's bow, gun cabinet, collectible bottles, and various clothing used to work around the yard remain in the garage at the marital residence. The trustee asserts that, pursuant to the separation agreement as incorporated into the divorce decree, these items now belong to Ms. Temnikar because the debtor has failed to remove them from the marital residence in a timely manner. Ms. Temnikar testified that she has asked the debtor to pick up his property but would not be opposed to his taking certain items that are still at the marital residence such as a gun cabinet that had once belonged to the debtor's grandfather.

Finally, the debtor testified credibly that, at least from his perspective, he believed, both before and after he signed the divorce decree, there was a good possibility that he and Ms. Temnikar would reconcile, either formally or informally, and would reside together in the marital residence.

## DISCUSSION

Section 541 of the Bankruptcy Code defines "property of the estate." Subject to a few, specifically enumerated exceptions, the estate consists of all legal

8

and equitable interests in property a debtor has at the commencement of a Chapter 7 case. 11 U.S.C. § 541. The Bankruptcy Code allows a debtor to claim certain property as exempt. 11 U.S.C. § 522. A state may adopt the federal exemptions contained in Section 522 or create its own exemption framework. *See* 11 U.S.C. § 522. Ohio has opted out of the federal exemptions. *See* Ohio Rev. Code § 2329.662. Therefore, any property that a debtor domiciled in Ohio seeks to claim as exempt must fall within an exemption authorized under Ohio law or nonfederal bankruptcy law.

A principal policy goal of the Bankruptcy Code is to "grant a 'fresh start' to the 'honest but unfortunate debtor.' " *Marrama v. Citizens Bank of Massachusetts*, 549 U.S. 365, 367 (2007) (quoting *Grogan v. Garner*, 498 U.S. 279, 286, 287 (1991)). Ohio law requires that in construing a statute, "it is the duty of the courts to give effect to the words used, not to delete words used, or to insert words not used." *In re Wengerd*, 453 B.R. 243, 251 (B.A.P. 6th Cir. 2011). Ohio's exemptions are to be construed liberally in favor of the debtor. *Baumgart v. Alam (In re Alam)*, 359 B.R. 142, 147–48 (B.A.P. 6th Cir. 2006); *see Daugherty v. Cent. Trust Co.*, 504 N.E.2d 1100, 1105 (Ohio 1986). Although "any doubt in interpretation should be in favor of granting the exemption," a liberal construction of the Ohio exemptions statute does not allow a court to enlarge the statute or

strain its meaning. *In re Wengerd*, 453 B.R. at 247; *see Daugherty*, 504 N.E.2d at 1004–05.

As the objecting party, the trustee has the burden of proving, by a preponderance of the evidence, that the exemption is not properly claimed. *See* Fed. R. Bankr. P. 4003; *In re Wengerd*, 453 B.R. at 246. The trustee has (appropriately) not challenged the debtor's claim of exemption as being tardy. *See* Fed. R. Bankr. P. 1009(a) (a schedule may be amended by the debtor as a matter of course at any time before the case is closed); *Law v. Siegel*, 571 U.S. 415, 425 (2014) (the court cannot use its equitable powers to bar a debtor from amending schedules to claim an exemption).

The relevant portion of Ohio Revised Code Section 2329.66 provides:

> (A) Every person who is domiciled in this state may hold property exempt from execution, garnishment, attachment, or sale to satisfy a judgment or order, as follows:
> . . . .
>   (1)
>     . . . .
>     (b) In the case of all other judgments and orders, the person's interest, not to exceed one hundred twenty-five thousand dollars, in one parcel or item of real or personal property that the person or a dependent of the person uses as a residence.

The debtor's right to a homestead exemption is determined as of the date the debtor filed for bankruptcy. *In re Wengerd*, 453 B.R. at 450; *In re McCormick*, No. 14-33315, 2015 WL 4638493, at *4 (Bankr. N.D. Ohio Aug. 4, 2011) (finding

10

that the debtor could claim a homestead exemption at the property where he was temporarily staying for health reasons at the time he filed for bankruptcy relief).

For a debtor to have a right to a homestead exemption, the "debtor must have an interest in the property and must use the property as a residence." Ohio Rev. Code § 2329.66(A)(1); *In re McCormick*, 2015 WL 4638493, at *3. Although the statute does not define the phrase "uses as a residence," "courts have interpreted the provision to mean that the property must be occupied and used as a home by the person claiming the exemption." *In re Wallace*, No. 15-32245, 2016 WL 829833, at *2 (Bankr. N.D. Ohio March 2, 2016). The debtor must actually or constructively occupy the property at the time he files his petition. *In re Felgner*, No. 11-32274, 2011 WL 5056994, at *5 (Bankr. N.D. Ohio Oct. 24, 2011). Constructive occupancy is typically limited to circumstances where the debtor is temporarily absent but had previously occupied and had no intention of permanently abandoning the property. *In re Wallace*, 2016 WL 829833, at *2.

The court in *In re Felgner* considered a set of persuasive factors when determining a debtor's domicile, including:

> (1) the location of the current residence; (2) voting registration and voting practices; (3) location of spouse and family; (4) location of personal or real property; (5) location of brokerage and bank accounts; (6) memberships in churches, clubs, unions and other organizations; (7) location of a person's physician, lawyer, accountant, dentist and stockbroker; (8) place of employment or business; (9) driver's license and automobile registration; and (10) payment of taxes.

11

*In re Felgner*, 2011 WL 5056994, at *2. While these factors are considered in the context of domicile, "they are also useful in determining whether a property may be claimed as a debtor's residence." *In re Aubiel*, 534 B.R. 300, 305 (B.A.P. 6th Cir. 2015).

A debtor's intent to move from or to sell a residence does not affect the debtor's right to claim a homestead exemption in that residence. Section 2329.66(A)(1) "simply does not permit inquiry into the Debtors['] intent to continue to use their property as their residence. To allow such inquiry is to insert words into the statute which the Ohio legislature did not use." *In re Wengerd*, 453 B.R. at 251. Where a debtor intends to live at some point after filing does not factor into the homestead exemption determination if the debtor had not previously lived there. Thus, a debtor may claim a homestead exemption in property that the debtor currently occupies but intends to sell after filing for bankruptcy. *In re Wengerd*, 453 B.R. at 251 (holding that the debtors' intent to sell property at some point after the filing of the petition did not preclude their right to an exemption in that property, as they lived there at the time they filed for bankruptcy); *In re Cope*, 80 B.R. 426, 428 (Bankr. N.D. Ohio 1987) (finding that once a debtor's residency has been established, it continues until the property has been abandoned, which requires both an intent to abandon and actually leaving).

12

Intent is relevant in determining constructive occupancy, as a temporary absence does not necessarily preclude a debtor from claiming a homestead exemption in such property. When the absence from the homestead is temporary, such as when the absence is caused by "stress of circumstances" or is an enforced absence, then the debtor does not necessarily abandon his right to claim the property as exempt. *In re Cycyk*, 29 B.R. 722, 724 (Bankr. N.D. Ohio 1983); *see Meadow Wind Health Care Ctr., Inc. v. McInnes*, No. 1999CA00338, 2000 WL 1055938, at \*4 (Ohio 5th Dist. July 24, 2000); *see also Jackson v. Reid*, 32 Ohio St. 443, 447 (1877); *William Holmes Co. v. Book*, 1 Ohio N.P. 58 (Mahoning Com. Pl. 1894). *Cf. In re Lusiak*, 247 B.R. 699, 702–03 (Bankr. N.D. Ohio 2000) (disallowing debtor's claim of a homestead exemption in Ohio property when debtor claimed Michigan address as her domicile/residence in her bankruptcy petition). Courts have found "stress of circumstances" to include leaving the property pursuant to a domestic relations court order, fear of domestic violence from a spouse, and absence due to fire damage. *In re Cycyk*, 29 B.R. at 724 ("Both debtors have vacated the premises. Debtor-husband has so vacated in compliance with an Order of the Domestic Relations Court . . . and an Order of the police . . . . Debtor-wife has vacated the premises due to her fear of possible domestic violence by debtor-husband against her."); *In re Cameron*, 25 B.R. 119, 120 (Bankr. N.D. Ohio 1982) (allowing the debtors to claim an exemption in their

13

home despite not physically occupying it at the time of filing because fire damage made it uninhabitable).

When a temporary absence occurs, courts have found that absence from the property coupled with an intent to return to the property in the future may indicate that the debtor did not intend to abandon his right to a homestead exemption. *See In re Lusiak*, 247 B.R. at 703 ("Instead, for a debtor to establish the requisite intent to return to his property, the debtor's own testimony must be coupled with external circumstances which would demonstrate that it would be realistic to expect that the debtor will actually return to the property."); *In re Cameron*, 25 B.R. at 121 ("The intent of the Debtors and their subsequent conduct are also factors to be taken into consideration."). A debtor's actions during the temporary absence, such as returning to maintain the home in some capacity, could indicate that a debtor did not intend to relinquish his claim in the homestead. *In re Cycyk*, 29 B.R. at 724 (finding that the debtor-wife's temporary residence with her parents next door and her occasional return to the home to sleep, cook, clean, and otherwise maintain the home indicated she did not intend to abandon the homestead).

It is undisputed that both the debtor and Ms. Temnikar each own a half-interest in the marital residence and that the debtor resided there with Ms. Temnikar from at least 2013 until around the time Ms. Temnikar filed for divorce in the spring of 2018. Thus, the only issue in determining whether the

14

debtor has a right to claim a homestead exemption in the marital residence is whether he constructively occupied the property at the time he filed his bankruptcy petition on April 18, 2019.

Under applicable case law, the Court must determine whether the debtor's absence from the marital residence at the time of his filing was a temporary absence caused by "stress of circumstances." As explained more fully below, the Court finds that the trustee has failed to establish that, at the time of filing for bankruptcy, the debtor no longer had a realistic expectation of returning to the marital residence.

The debtor's separation with Ms. Temnikar and subsequent relocation to the corner bar seem to fit within the "stress of circumstances" scenarios contemplated in prior cases, particularly when considering that since moving out, the debtor returns to sleep at the martial residence, at least occasionally, on nights when he is not working. The Court also looks at the surrounding circumstances to discern the debtor's intent at the time of filing. Various personal property belonging to the debtor remains at the marital residence. The debtor continues to contribute to the homestead by mowing the lawn. The debtor lists the marital residence's address on his driver's license, voting registration, and bankruptcy petition. The debtor pays bills associated with the property. Finally, the debtor testified credibly that, at least from his perspective, there was a good possibility that he and Ms. Temnikar

15

would reconcile, either formally or informally, and would reside together in the marital residence. All of these actions together demonstrate that the debtor likely moved out due to the "stress of circumstances" and, as of the petition date, intended to return to the residence, therefore indicating that his absence was temporary and not a permanent abandonment of his right to a homestead exemption in the marital residence.

The trustee contends that the debtor did not constructively occupy the marital residence as of the petition date because the divorce decree, signed by the debtor prepetition and entered by the common pleas court postpetition, requires the sale of the home. The Court disagrees. The requirement in the divorce decree that the debtor and Ms. Temnikar market and sell their marital residence merely establishes that at some future date when the property is sold (1) the debtor's ownership interest in the property would end, and (2) the debtor's temporary absence from the marital residence would become permanent. True, the debtor agreed to terms that, if carried out, would ultimately end his right to return to the marital residence. Nevertheless, the trustee has failed to establish that the debtor lacked a good faith belief that the debtor and Ms. Temnikar would reconcile, either formally or informally, and would again reside together in the marital residence.

Indeed, the evidence in the record adds credence to the debtor's belief. Ms. Temnikar has not put the marital residence on the market since separating

16

from the debtor, and the debtor continues to stay overnight at the marital residence with at least some frequency. The Court therefore concludes that the debtor's absence from the marital residence was merely temporary at the time he filed for bankruptcy relief.

The Court also finds instructive a hypothetical in which Ms. Temnikar filed for bankruptcy on the same day as the debtor. Under *Wengerd* and other established case law, Ms. Temnikar would be entitled to a homestead exemption in the marital residence even though she had signed a divorce decree requiring her to immediately market and sell the property. *In re Wengerd*, 453 B.R. at 252 (determining that the debtors' intent to sell property after the filing of the petition did not preclude their right to a homestead exemption in that property).

The only difference between Ms. Temnikar's hypothetical claim of exemption and the debtor's actual claim of exemption is that, as of the petition date, the debtor was temporarily absent from the property that he previously occupied. The Court concedes that the question of the debtor's intent is a close one and that the Court has no way of knowing for certain whether the debtor had such an intent as of the petition date. Nevertheless, for the reasons stated earlier, the Court finds that the trustee has failed to meet his burden of demonstrating that, as of the petition date, the debtor did not constructively occupy the marital residence and is not entitled to a homestead exemption.

17

CONCLUSION

For the reasons stated above, the Court overrules the trustee's objection to the debtor's claim of exemption and denies the trustee's motion to sell. The Court intends for the order associated with this memorandum of opinion to be a final appealable order under 28 U.S.C. § 158(a)(1). *Ritzen Group, Inc. v. Jackson Masonry, LLC*, 589 U.S. ___ (2020) ("Orders in bankruptcy cases qualify as 'final' when they definitively dispose of discrete disputes within the overarching bankruptcy case.").

IT IS SO ORDERED.